IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TONY COLLINS, NAIMATULLAH NAYZEE, and ANN MURRAY, for themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NPC, INTERNATIONAL, INC.,<br><br>Defendant. | Case No. 3:17-CV-00312-NJR-RJD |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter comes before the Court on the Motion for Conditional Certification filed by Plaintiffs Tony Collins, Naimatullah Nayzee, and Ann Murray on March 31, 2017 (Doc. 18), the Motion to Compel Individual Arbitration or, Alternatively, to Stay Proceedings filed by Defendant NPC, International, Inc. ("NPC") on May 1, 2017 (Doc. 40), and the Motion for Protective Order filed NPC on August 7, 2017 (Doc. 71). Plaintiffs filed a response in opposition to NPC's motion to compel or to stay proceedings on May 31, 2017 (Doc. 52). Both parties have supplied the Court with supplemental authority in support of their respective positions. For the reasons set forth below, the Court grants NPC's motion to stay these proceedings pending the Supreme Court's decision in *Lewis v. Epic Systems Corp.* Plaintiffs' motion for conditional certification and NPC's motion to compel arbitration are denied without prejudice.

# BACKGROUND

Plaintiffs bring this suit as a proposed collective action under the Fair Labor Standards Act ("FLSA") as well a proposed class action under Illinois, Missouri, and Florida state law. NPC is the largest Pizza Hut franchisee in the United States, operating more than 1,240 Pizza Hut restaurants across the country (Doc. 14, p. 4). Plaintiffs are delivery drivers for NPC. As delivery drivers, Plaintiffs all have the same primary responsibility: to deliver pizza and other food and beverages to customers using their personal vehicles (*Id.*, p. 5). Plaintiff Collins works for NPC in Illinois, Plaintiff Nyazee works for NPC in Missouri, and Plaintiff Murray works for NPC in Florida (*Id.*, p. 2-3).

Plaintiffs allege NPC under-reimbursed its delivery drivers for vehicular wear and tear, gas, and other driving-related expenses, effectively paying drivers well below the minimum wage (*Id.*, p. 2). Plaintiffs claim NPC continues to under-reimburse them, "preferring to selfishly pocket excess profits rather than fairly pay its employees." (*Id.*). According to Plaintiffs, NPC requires delivery drivers to maintain and provide a safe, functioning, insured, and legally operable automobile to make deliveries. NPC also requires its delivery drivers to bear all out of pocket costs associated with their vehicles, including gas, depreciation, insurance, maintenance, and repairs (*Id.*, p. 6). Nevertheless, Plaintiffs allege, NPC only reimburses them between $0.25 and $0.35 per mile – much lower than the $0.535 mileage rate set by the IRS in 2017 (*Id.*). Because Plaintiffs and their colleagues typically drive an average of five to ten miles per delivery and make an average of four deliveries each hour, Plaintiffs aver they are under-reimbursed by $4.00

to $12.00 each hour (*Id.*). Plaintiffs also claim NPC undercounted the number of miles they actually drove (*Id.*).

Plaintiffs have moved to conditionally certify a collective of all NPC drivers (Docs. 19, 20). NPC denies Plaintiffs' claims and has moved to compel individual arbitration pursuant to an arbitration agreement signed by each named Plaintiff. Alternatively, NPC asks the Court to stay all proceedings until the United States Supreme Court decides the legality of the class action waivers contained in the arbitration agreements. *See Lewis v. Epic Systems Corp.*, 823 F.3d 1147 (7th Cir. 2016), *cert granted,* 85 U.S.L.W. 3343 (U.S. Jan. 13, 2017) (No. 16-285).

The arbitration agreement signed by the named Plaintiffs requires them to use binding individual arbitration for any claims and expressly prohibits Plaintiffs from acting on behalf of or as a part of any purported class, collective, representative, or consolidated action (Docs. 41-2, 41-3 41-4, 41-5, 41-6, 41-7). The provision specifically provides that "the waiver of Class Action claims and proceedings is an essential and material term of this Agreement to Arbitrate, and NPC and I agree that if it is determined by a court of competent jurisdiction that it is prohibited or invalid under applicable law, then this entire Agreement to Arbitrate is held to be unenforceable." (*Id.*). Plaintiffs electronically signed the Arbitration Agreement "in exchange for my employment or continued employment, as well as the mutual promises to resolve disputes through arbitration contained in this Agreement . . . ." (*Id.*). Just above the signature line is an acknowledgment, in bold, that by entering into the agreement,

Plaintiffs were waiving any right to a jury trial or to bring any employment-related claim as a class, collective, representative, or consolidated action (*Id.*).

Currently, Seventh Circuit law holds that mandatory arbitration provisions precluding employees from seeking any class, collective, or representative remedies to wage-and-hour disputes are unenforceable because they interfere with employees' rights to engage in concerted activity under the National Labor Relations Act ("NLRA"). *Lewis*, 823 F.3d at 1155. The Ninth Circuit held likewise in *Morris v. Ernst & Young, LLP*, 834 F. 3d 975 (9th Cir. 2016). The Second, Fifth, and Eighth Circuits have all held, however, that employee arbitration agreements containing class waivers are enforceable. *See Sutherland v. Ernst & Young LLP*, 726 F.3d 290 (2d Cir. 2013); *NLRB v. Murphy Oil USA, Inc.*, 808 F.3d 1013 (5th Cir. 2015); *Cellular Sales of Missouri, LLC v. NLRB*, 824 F.3d 772 (8th Cir. 2016). On January 13, 2017, the Supreme Court granted the petition for certiorari in *Lewis* and consolidated the case with *Morris* and *Murphy Oil*. The Supreme Court heard oral argument on October 2, 2017, and an opinion is expected sometime in early 2018.

## LEGAL STANDARD

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of cases on its docket with economy of time and effort for itself, for counsel and for litigants." *Tel. Sci. Corp. v. Asset Recovery Sols.*, LLC, No. 15 C 5182, 2016 WL 47916, at *2 (N.D. Ill. Jan. 5, 2016) (quoting *Texas Indep. Producers & Royalty Owners Ass'n v. E.P.A.*, 410 F.3d 964, 980 (7th Cir. 2005)). "The decision to grant a stay is committed to a court's discretion, though that discretion must be exercised consistently with principles of fairness and judicial economy." *Walker v. Monsanto Co. Pension Plan*,

472 F. Supp. 2d 1053, 1054 (S.D. Ill. 2006) (internal citations omitted). In determining whether to grant a motion to stay, courts typically consider three factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and the court. *Id.*

## DISCUSSION

NPC has asked the Court to compel arbitration or, alternatively, to stay the case pending the outcome of the Supreme Court's review of *Lewis*. Defendants argue that because the Supreme Court's decision in *Lewis* will have a direct impact on this case, an immediate stay will simplify the issues in question, streamline the proceedings, and thus, reduce the burden of litigation on the parties and the court. Defendant asserts a stay will preserve both the Court's and the parties' resources in briefing, arguing, and determining pending and future motions.

Plaintiffs oppose NPC's motion to compel arbitration as well as the alternative request to stay the litigation pending the Supreme Court's opinion in *Lewis*. Plaintiffs argue that a stay would prejudice Plaintiffs and the other delivery drivers because it would cause claims to extinguish. Under the FLSA, the statute of limitations continues to run until a plaintiff opts in to the collective action and files his or her notice of written consent with the court. *See* 29 U.S.C. § 256(b). And, because a plaintiff's consent does not relate back to the original filing date of the complaint, waiting to certify the collective and give notice of the action means potential plaintiffs' claims could expire. Plaintiffs further argue that a stay would allow NPC to continue paying unlawfully low wages

and would frustrate the wage and hour laws intended to protect workers. Finally, Plaintiffs argue that granting a stay would not meaningfully reduce the burden of litigation on the Court or the parties. Whether or not the class waiver in the agreement is enforceable, Plaintiffs assert, the Court would still be obligated to certify the proposed collective action because arbitration defenses are irrelevant at the conditional certification stage.

Upon considering the second and third factors—whether a stay will simplify the issues in question, streamline the trial, and reduce the burden of litigation—the Court finds that these issues weigh in favor of staying the case. Conditionally certifying a collective and permitting class discovery, only to later decertify the collective a few months later (if the Supreme Court reverses the Seventh Circuit in *Lewis*) would defeat the purpose of judicial economy. The ruling in *Lewis* will have a direct impact on the issues in this case; in just a few months, Plaintiffs will know whether the arbitration clause they signed is valid. Under these circumstances, the Court finds that staying the case is "reasonable and prudent." *Carter v. Arise Virtual Sols., Inc.*, No. 16 C 6262 (N.D. Ill. Feb. 14, 2017) (finding its decision to stay the case pending the Supreme Court's ruling in *Lewis* to be "reasonable and prudent" given that the Supreme Court's guidance will directly impact the issues raised by the motion for conditional certification and motion to compel arbitration); *see also Tel. Sci. Corp. v. Asset Recovery Solutions, LLC*, No. 15 C 5182, 2016 WL 47916 (N.D. Ill. Jan. 5, 2016) (staying proceedings pending Supreme Court's *Spokeo* decision, finding that litigation would be streamlined by imposition of the stay and the burdens of litigation would be reduced). "Proceeding in the face of

uncertainty, when the issues will be conclusively resolved in the near future, does not serve the interests of any of the parties or the Court." *Id.*

Furthermore, allowing notice to go out to thousands of potential class members[1] and permitting class discovery (and refereeing potential discovery disputes) would be a waste of the parties' and the Court's resources when the validity of the arbitration agreement is unknown. *See Campanelli v. ImageFIRST Healthcare Laundry Specialists, Inc.*, No. 15-CV-04456-PJH, 2017 WL 2929450, at *4 (N.D. Cal. July 10, 2017) (holding it would be a waste of resources to permit wide-ranging discovery when it is not clear whether plaintiffs waived their right to proceed in a class or collective action); *see also Meetz v. Wisconsin Hosp. Grp. LLC*, No. 16-C-1313, 2017 WL 3736776, at *3 (E.D. Wis. Aug. 29, 2017) ("Because a plaintiff's discovery demands upon conditional certification may impose a tremendous financial burden to the employer, courts must be careful to avoid wasting the parties' time and resources in cases that do not warrant certification.") (citations and quotations omitted).

While Plaintiffs claim no resources would be saved because the Court must conditionally certify the class regardless of any arbitration defenses, they have not cited any binding authority to support their proposition. One of the district court cases cited by Plaintiffs distinguishes between situations where all of the named plaintiffs signed an arbitration agreement (as is the case here) and where only *some* members of a proposed class *may* be subject to an arbitration provision. *Campbell v. Pincher's Beach Bar Grill Inc.*, No. 215CV695FTM99MRM, 2016 WL 3626219, at *6 (M.D. Fla. July 7, 2016). The court in

---

[1] The Complaint alleges that the Illinois, Missouri, and Florida classes each likely exceed 1,000 people (Doc. 14, ¶¶ 41, 52, 63).

*Campbell* noted that the latter situation does not preclude the conditional certification of a class. *Id.* Here, however, NPC has presented evidence that all three named Plaintiffs would be prohibited from bringing a collective action should the Supreme Court's ruling in *Lewis* favor NPC, and Plaintiffs have not argued that there are any putative class members who have not signed an arbitration agreement. Thus, the Court does not believe it must conditionally certify the class regardless of Defendant's arbitration defense.

The only argument presented by Plaintiffs that gives the Court pause is their assertion that staying the case will unduly prejudice them by extinguishing the claims of potential members of the collective action, because an action is not "commenced" under the FLSA until an opt-in plaintiff's consent is filed. The Court notes, however, that at least twelve other individuals have opted-in to this lawsuit despite no notice having been issued. And, "nothing in FLSA suggests that once one plaintiff has asserted a claim against an employer, all other potential plaintiffs are relieved of their respective obligations to exercise their own diligence with respect to the investigation and/or assertion of their own claims against that employer." *Sylvester v. Wintrust Fin. Corp.*, No. 12 C 01899, 2014 WL 10416989, at *3 (N.D. Ill. Sept. 26, 2014) (denying a motion to equitable toll the statute of limitations solely because of the court's delay in ruling on the conditional certification motion). Nevertheless, the Court is unaware of any restrictions prohibiting the parties from entering a tolling agreement that would protect the interests of putative class members until a decision is reached by the Supreme Court. *See id.*; *Carter v. Arise Virtual Sols., Inc.*, No. 16 C 6262 (N.D. Ill. Feb. 14, 2017) (noting that the

parties had entered a tolling agreement). The Court finds that Plaintiffs have not demonstrated undue prejudice that would preclude the application of a stay in this case.

For these reasons, the Motion to Compel Individual Arbitration or, Alternatively, to Stay Proceedings filed by Defendant NPC, International, Inc. (Doc. 40) is **GRANTED in part and DENIED in part**. This case is **STAYED** pending the Supreme Court's ruling in *Lewis v. Epic Systems Corp.* Because this case is stayed, Defendant NPC's Motion for Protective Order (Doc. 71) is also **GRANTED**. Defendant NPC's motion to compel arbitration, as well as the Motion for Conditional Certification filed by Plaintiffs Tony Collins, Naimatullah Nayzee, and Ann Murray (Doc. 18) are **DENIED without prejudice** and may be refiled once the Supreme Court issues its opinion.

**IT IS SO ORDERED.**

**DATED: October 25, 2017**

*/s/ Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**