# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TONY COLLINS, NAIMATULLAH NAYZEE and ANN MURRAY, for themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NPC INTERNATIONAL, INC.,<br><br>Defendant. | Case No. 3:17-cv-00312 |

## DEFENDANT NPC'S OPPOSITION TO PLAINTIFFS' MOTION TO LIFT STAY

### I.  INTRODUCTION

NPC does not oppose lifting the stay to allow the five opt-in delivery drivers, for whom arbitration agreements have not be located, to litigate their *individual, pending* claims.  NPC *opposes*, however, lifting the stay to allow Plaintiffs to file the "First Amended Class/Collective Action Complaint" attached to their motion, which pointlessly seeks to expand this matter and bring new and duplicative common law claims into this case.  Plaintiffs should not be allowed to proceed as their motion requests for the following reasons:

- They have not properly sought to amend their Complaint.

- Adding to and expanding their claims would be inefficient, unduly burdensome and, ultimately, futile, when nearly everyone they seek to represent cannot participate in this action.

- No harm will result from proceeding only with Plaintiffs' individual claims.

II.   **ARGUMENT**[1]

   A   **Plaintiffs have not properly sought leave to file an Amended Complaint.**

Plaintiffs' motion advises the court that, "[o]nce the stay is lifted, Plaintiffs intend to file the Amended Complaint, attached to the Declaration of Jeremiah Frei-Pearson, naming the non-arbitration Opt-in Plaintiffs as the named Plaintiffs here in this action for this matter to proceed in court." (Dkt., 95, p. 2, ¶ 4). However, the Federal Rules of Civil Procedure require the Court's leave for Plaintiffs to file an Amended Complaint in this case. (*See* Rule 15(a)(2)). And, the local rules for the Southern District of Illinois direct parties on the proper way to submit a proposed amended document. (*See* SDIL-LR 15.1) Local Rule 15.1 reiterates that a proposed amended complaint requires court approval before it can be filed, requires that it be attached to an email sent to the presiding judge, and states "all new material in an amended pleading must be underlined." *Id*. The decision of whether or not to grant leave to amend is "purely within the sound discretion of the district court." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008).

Here, Plaintiffs have not sought leave to amend, nor have they electronically submitted their proposed amended document to the presiding judge with the new material underlined. Consequently, NPC is left to point out, for example, that Plaintiffs propose to file new and duplicative, common law claims on behalf of "All persons Defendant employed in Tennessee as a delivery driver during any workweek in the maximum limitations period (the "Tennessee Class or Tennessee Class Members")." (Dkt., 95-2, p. 12, ¶ 53). For the reasons below, the stay should not be lifted for Plaintiffs to file these new claims.

---

[1] NPC is not waiving its right to later file a motion to compel individual arbitration against any of the five remaining opt-ins, or, anyone else in the future. NPC is simply responding at this time to the instant motion presented by Plaintiffs, which is based on ongoing negotiations and document exchanges between the parties. NPC expects to continue to search its files for appropriate documentation, seek such documentation from the five opt-in plaintiffs, themselves, in discovery, and in relation to anyone else Plaintiffs later seek to represent.
4838-1776-9365 v3                                   2

## B  New claims should not be added to this more than two-year old proceeding.

Plaintiffs' proposed Amended Complaint alleges new claims of unjust enrichment against NPC by plaintiff Steven Fultz on behalf of himself and under Rule 23 on behalf of a class of "all persons employed as delivery drivers at any store owned by Defendant in Tennessee during the maximum allowable limitations period." (Dkt., 95-2, pp. 3-4, 12-13).  These claims have never before been raised by Mr. Fultz (or any plaintiff), even though he joined the case on April 28, 2017. (*See* Consent Form, Dkt., 38-1, p. 3)  Plaintiffs had ample time to seek to add this claim and there is no justification for the delay in bringing it.  A number of cases within the Seventh Circuit have denied leave to amend and add a new claim when leave was sought two years after filing.  *See e.g., Morningware, Inc. v. Hearthware Home Prod., Inc.,* No. 09-C-4348, 2011 WL 5239226, at *2 (N.D. Ill. Nov. 1, 2011) (denying leave to add new trademark infringement claim when case had been pending "for over two years"); *Murphy v. White Hen Pantry Co.*, 691 F.2d 350, 353 (7th Cir. 1982) (upholding trial court's denial of motion to amend made two years after action was commenced).  "The longer the delay, the greater the presumption against granting leave to amend." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (internal citations omitted); *see also Swoope v. Gary Cmty. Sch. Corp.*, No. 10-CV -23, 2013 WL 1343561, at *1 (N.D. Ind. Apr. 1, 2013) ("Leave to amend may be denied at the district court's discretion for untimeliness . . . .").  While Plaintiffs may argue their delay was justifiable because the case has been stayed, there have been substantial periods of time over the past two years, when this action was active and a proper request to amend could have been made.

Importantly, the interests of justice do not require amending the Complaint to add duplicative, common law claims to the existing statutory wage and hour claims under the FLSA. First, Mr. Fultz' statutory wage claims against NPC were preserved when he became a plaintiff by opting into this case on April 28, 2017.  The statute of limitations under the FLSA stopped running

on his claims over two years ago. He will suffer no personal harm without adding a state common law unjust enrichment claim. Additionally, allowing Mr. Fultz to seek a Rule 23 "opt-out" Tennessee class would be futile when he could not possibly be an appropriate representative of "all persons Defendant employed in Tennessee as delivery drivers," given NPC's arbitration agreements with its delivery drivers. This Court noted in a previous order that "allowing notice to go out to thousands of potential class members and permitting class discovery (and refereeing potential discovery disputes) would be a waste of the parties' and the Court's resources when the validity of the arbitration agreement is unknown." *Collins v. NPC, Int'l, Inc.*, No. 17-CV-00312-NJR-RJD, 2017 WL 4803887, at *3 (S.D. Ill. Oct. 25, 2017). Here, again, it would be a futile, waste of resources to entertain a Rule 23 certification effort when Mr. Fultz cannot possibly meet the rigorous analysis that Rule 23(a) demands. He will never be an adequate representative of, and his claims lack typicality with, every putative Rule 23 class member in Tennessee, as most have binding, individual arbitration agreements with NPC.

Notwithstanding the above, any Tennessee unjust enrichment claim would be based on the same core facts as any FLSA claim and is preempted by the FLSA. *See Nicholson v. UTi Worldwide, Inc.*, No. 09-CV-722-JPG-DGW, 2010 U.S. Dist. LEXIS 75185 (S.D. Ill. Feb. 12, 2010) ("If a state common law claim is directly covered by the FLSA, the FLSA preempts that claim."); *Farmers v. DirectSat United States,* No. 08-C-3962, 2010 U.S. Dist. LEXIS 105738 (N.D. Ill Oct. 4, 2010) (dismissing duplicative state law claims as preempted by the FLSA); *Morgan v. SpeakEasy, LLC*, 625 F. Supp. 2d 632, 659-60 (N.D. Ill. 2007) (plaintiff's "claim for unjust enrichment is directly covered by the FLSA"); *Formica v. US Environmental, Inc.*, No. 18-459, 2018 U.S. Dist. LEXIS 115084, *5 (E.D. PA July 11, 2018) (dismissing duplicative unjust enrichment claim as preempted by the FLSA); *Choimbol v. Fairfield Resorts, Inc.,* No. 05-

CV-463, 2006 U.S. Dist. LEXIS 68225, at *4-6 (E.D. Va. Sept. 11, 2006) (dismissing unjust enrichment claim where it "merely recasts the central claim in this case: violation of the FLSA,"). In sum, the stay should not be lifted for Plaintiffs to add their new common law claims.

    **C**    **There is no justification for expanding this FLSA action; no harm will result from only litigating the individual, pending claims of the five opt-ins.**

Plaintiffs argue the stay must be lifted "for plaintiffs to file an Amended Complaint and for this matter to be certified in order for other similarly situated delivery drivers to be apprised of their rights and given an opportunity to join this action." (Dkt., 95, p. 5). To be clear, Plaintiffs still have the burden to show that a definable class of similarly situated individuals exists to send notice to the more than 80,000 delivery drivers at issue nationwide. Although the "modest factual showing" standard is lenient, it is not a "mere formality." *Adair v. Wis. Bell, Inc.*, No. 08-C-280 2008 U.S. Dist. LEXIS 68942, at *8 (E.D. Wis. Sept. 11, 2008). Because "a plaintiff's discovery demands upon conditional certification may impose 'a tremendous financial burden to the employer,'" courts must be careful to avoid wasting the parties' time and resources in cases that do not warrant certification. *Id*. at *10 (quoting *Woods v. New York Life Ins. Co.,* 686 F.2d 578, 581 (7th Cir. 1982)). Indeed, Plaintiffs' suggestion that "in every case" courts have conditionally certified delivery driver collective actions against pizza companies is simply untrue. *See, e.g., Durling, et al. v. Papa John's International, Inc*., No. 16-CV-03592 (S.D.N.Y. Mar. 29, 2017) (denying motion for conditional certification of nationwide FLSA collective action against Papa John's International, Inc. alleging drivers were not sufficiently reimbursed for expenses).

Here, the vast majority of NPC's delivery drivers have signed agreements to arbitrate their claims and are *undeniably* disqualified from participating in this action. It would be unduly burdensome, not to mention illogical, to require NPC to review tens of thousands of employee files over the years to prove a negative and find drivers that *might not* have signed an arbitration

agreement. Tellingly, after more than two years of recruiting efforts, Plaintiffs can only point to a grand total of <u>five</u> drivers that can participate in this case. Five does not show the existence of a definable class of potential plaintiffs who are similarly situated to justify notice of this action to tens of thousands of drivers from more than 1,200 stores nationwide. Expanding this case is simply unwarranted, especially when there is nothing preventing any driver without an arbitration agreement from filing a claim at any time.

## III. CONCLUSION

For the reasons stated above, NPC opposes lifting the stay to allow Plaintiffs to proceed with filing their proposed Amended Complaint. The stay should be lifted only for proceeding with any individual, pending claims of the five remaining opt-ins for whom arbitration agreements have not been located.

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: /s/ Katherine R. Sinatra
Mark C. Tatum, Mo. Bar. No. 50082
Katherine R. Sinatra, Mo Bar. No. 51181
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

Undersigned counsel hereby certifies that the foregoing document was served this 30th day of April, 2019, upon Plaintiffs' counsel by e-mail service through the Court's ECF system:

Jeremiah Frei-Pearson
D. Greg Blankinship
Meiselman, Packman, Nealon, Scialabba & Baker, P.C.
Carton & Eberz P.C.
1311 Mamaroneck Avenue
White Plains, NY 10605

C. Ryan Morgan
Morgan & Morgan, P.A.
20 North Orange Avenue
Orlando, FL 32801

                                                /s/ Katherine R. Sinatra
                                                Attorney for Defendant