IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TONY COLLINS, NAIMATULLAH NYAZEE, and ANN MURRAY, for themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NPC INTERNATIONAL, INC.,<br><br>Defendant. | Case No. 3:17-CV-312-NJR-RJD |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion to Lift Stay filed by Plaintiffs Tony Collins, Naimatullah Nyazee, and Ann Murray (Doc. 95). Plaintiffs filed this action on March 24, 2017, as a proposed collective action under the Fair Labor Standards Act, as well a proposed class action under Illinois, Missouri, and Florida state law (Doc. 1). Plaintiffs allege Defendant NPC International, Inc. ("NPC") under-reimbursed delivery drivers at its Pizza Hut franchise locations across the country (*Id.*).

On October 25, 2017, the undersigned granted NPC's motion to stay the case pending a ruling by the United States Supreme Court on the enforceability of mandatory arbitration provisions precluding employees from seeking any collective or class remedies to wage-and-hour disputes (Doc. 40). After the Supreme Court issued its opinion in *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612 (2018), holding that such collective and class action waivers are lawful and must be enforced pursuant to the Federal Arbitration Act, the undersigned granted NPC's renewed motion to compel arbitration and stayed the proceedings pending arbitration

(Doc. 93).

Plaintiffs now move the Court to lift that stay to allow opt-in Plaintiffs who did not sign arbitration agreements with NPC to litigate their claims (Doc. 95). Plaintiffs indicate that despite being given ample time to search its records for arbitration agreements for each Plaintiff and opt-in Plaintiff, NPC was unable to locate agreements for John W. Cook, Steven Fultz, Michael Lee, Kristen Marshall, and Brian O'Donnell. Accordingly, NPC cannot compel their claims to arbitration and the stay should be lifted as to these individuals. Plaintiffs also indicate their intention to file an Amended Complaint, once the stay is lifted, naming these non-arbitration opt-in Plaintiffs as the named Plaintiffs in this matter.

NPC does not oppose lifting the stay to allow the five named opt-in Plaintiffs to litigate their individual, pending claims (Doc. 96). It does, however, oppose allowing Plaintiffs to file an amended class or collective action complaint.

The Court agrees that lifting the stay is appropriate as to the named opt-in Plaintiffs for whom NPC could not produce arbitration agreements. Accordingly, the stay is hereby **LIFTED** as to those individual Plaintiffs.

If Plaintiffs intend to move for leave to file an amended complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and Local Rule 15.1, such motion should be filed by **July 18, 2019**. Once the motion for leave to amend is filed and fully briefed, the Court will consider whether allowing the amendment is in the interest of justice.

**IT IS SO ORDERED.**

DATED:   June 19, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**