# Exhibit B



Northeast Case Management Center
Heather Santo
Assistant Vice President
1301 Atwood Avenue, Suite 211N
Johnston, RI 02919
Telephone: (866)293-4053
Fax: (866)644-0234

July 25, 2019

Warren D. Postman, Esq.
Keller Lenkner
1300 I Street, NW
Suite 400E
Washington, DC 20005
Via Email to: wdp@kellerlenkner.com

Mark Tatum, Esq.
Shook Hardy & Bacon L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108-2613
Via Email to: mtatum@shb.com

Case Number: 01-19-0001-1487

1,320 Individuals

-vs-

NPC International Inc.

Dear Counsel:

This letter will confirm an administrative conference call was held on July 25, 2019.  The following representatives participated on the call: Warren Postman, Ashley Keller, and Marquel Reddish for Claimants and Mark Tatum for Respondent. The following items were discussed:

- Respondent confirmed they were in receipt of the 1,320 individual demands for arbitration.

- Pursuant to Rule 4 of the AAA Employment Arbitration Rules, Claimants are required to submit the "applicable arbitration agreement" with their filing. The Rules do not require signed arbitration agreements. Claimants provided a copy of the NPC arbitration agreement.  Respondent takes no position as to whether Claimants should submit the same arbitration agreement 1,320 times but did renew its objection that signed agreements should be submitted.  Claimants have met the filing requirements under the Rules and as such we are proceeding. Respondent may raise their objection to the arbitrator(s) once appointed.

- AAA transmitting a single correspondence in order to request fees or transmit other information does not constitute consolidation of the claims. AAA may communicate with the parties using efficient methods as it deems appropriate.

- As to the discussion of proof of representation, the AAA Employment Arbitration Rule 19 states, in part: "*If a representative files a Demand or an Answer, the obligation to give notice of representative status is deemed satisfied.*" As Claimants' representative filed the demands for arbitration, we accept that as meeting the requirement in the Rules. Respondent may raise any objection to the representation of Claimants to the arbitrator(s) once appointed.

- AAA offered the use of a Special Master to hear and determine threshold issues. Claimant was not in agreement. Respondent did not take a position at this time.

- Should either party wish to seek judicial intervention, pursuant to Rule 1 of the Employment Arbitration Rules, we ask that you keep us apprised of the status of any court proceeding. The AAA will abide by any court order.

- If the parties wish to revisit global mediation, either before Mediator Vering or another mediator, please let us know and we will assist with that process.

- A final deadline for Respondent to remit its portion of the filing fees, in the amount of $2,604,494.50, has been set for **August 1, 2019**. Upon receipt of the filing fees, the AAA will proceed with administration. Should Respondent fail to pay the filing fees by August 1, 2019, the Association will cease administration of these disputes and refund any arbitration payments received from the Claimants.

- If Respondent fails to comply with the Employment Arbitration Rules and the Employment Due Process Protocol, we will decline to administer any future employment matters involving Respondent. We would ask that Respondent remove our name from its arbitration agreements so there is no confusion to the public.

Should you have any questions, please do not hesitate to contact me.

Sincerely,

*Heather Santo*

Heather Santo
Assistant Vice President
Direct Dial: (401)431-4703
Email: Heathersanto@adr.org
Fax: (866)644-0234


cc:     Ashley C. Keller, Esq.
        Marquel Reddish, Esq.
        Katherine R. Sinatra, Esq.